1  ANDREW D. CASTRICONE
   acastricone@gordonrees.com
2  GORDON & REES LLP
   275 Battery Street, Suite 2000
3  San Francisco, CA 94111
   Telephone:     (415) 986-5900
4  Facsimile:     (415) 262-3726

5  Attorneys for Defendants FLUENT, LLC
   served and f/k/a FLUENT, INC.; REWARD ZONE
6  USA, LLC; REWARDSFLOW LLC; AMERICAN PRIZE
   CENTER, LLC; and MOHIT SINGLA

7

8              UNITED STATES DISTRICT COURT

9      NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

10

11 | MIRA BLANCHARD, an individual; RYAN | ) | CASE NO. 17-cv-01551 MMC
   | COOPER, an individual; MARK DAVIS, an | ) |
12 | individual; CHANDRA GREENBERG, an | ) | **ANSWER TO COMPLAINT BY**
   | individual; JAMES JOBE, an individual; | ) | **DEFENDANTS FLUENT, LLC;**
13 | DEBRA KOTTONG, an individual; OGEN | ) | **REWARD ZONE, USA, LLC;**
   | LAMA, an individual; MARIA MARQUEZ, an | ) | **REWARDSFLOW LLC; AMERICAN**
14 | individual; VANESSA POWERS, an | ) | **PRIZE CENTER, LLC; AND MOHIT**
   | individual; and GAIL TAYLOR, an individual; | ) | **SINGLA; AND JURY DEMAND**
15 |  | ) |
   |              Plaintiffs, | ) |
16 |  | ) |
   |  | ) | Complaint filed September 16, 2016 in San
17 |      vs. | ) | Francisco County Superior Court (Case No.
   |  | ) | CGC 16-554299)
18 | FLUENT, INC., a Delaware corporation; | ) |
   | REWARD ZONE USA, LLC, a Delaware | ) |
19 | limited liability company; REWARDSFLOW, | ) |
   | LLC, a Delaware limited liability company; | ) |
20 | AMERICAN PRIZE CENTER, LLC, a | ) |
   | Delaware limited liability company; MOHIT | ) |
21 | SINGLA, an individual; SAUPHTWARE INC., | ) |
   | a Nevada corporation; ADREACTION, a | ) |
22 | business of unknown formation; ANGLO | ) |
   | IDITECH, a business of unknown formation; | ) |
23 | FORtANALYSIS8 DEVELOP, a business of | ) |
   | unknown formation; CONCEPT NETWORK, a | ) |
24 | business of unknown formation; DIEGO | ) |
   | RUFINO, an individual; PRISCILA | ) |
25 | AREKELIAN, an individual; ANDRES MARY, | ) |
   | an individual; and DOES 1-1000; | ) |
26 |  | ) |
   |              Defendants. | ) |

27

28
                        -1-

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Defendants FLUENT, LLC; REWARD ZONE, USA, LLC; REWARDSFLOW LLC; AMERICAN PRIZE CENTER, LLC; and MOHIT SINGLA (collectively "Defendants"), by and through their undersigned counsel, hereby respond to Plaintiffs' First Amended Complaint as follows:

## I.    INTRODUCTION AND SUMMARY OF COMPLAINT

1.    In response to Paragraph 1 of the First Amended Complaint, Defendants deny the allegations contained in said paragraph.

2.    In response to Paragraph 2 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each allegation contained therein.

3.    In response to Paragraph 3 of the First Amended Complaint, Defendants deny the allegations contained in said paragraph.  LEGAL CONCLUSION/DENY

4.    In response to Paragraph 4 of the First Amended Complaint, Defendants deny the allegations contained in said paragraph.

5.    In response to Paragraph 5 of the First Amended Complaint, Defendants object to said allegations on the grounds that they are legal conclusions which require no response. Without waiving and subject to said objection, Defendants deny the factual allegations contained in said paragraph.

6.    In response to Paragraph 6 of the First Amended Complaint, Defendants deny the allegations contained in said paragraph.

7.    In response to Paragraph 7 of the First Amended Complaint, Defendants deny the allegations contained in said paragraph.

## II.    PARTIES

### A.  Plaintiffs

8.    In response to Paragraph 8 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each allegation contained therein.

ANSWER TO COMPLAINT BY DEFENDANTS FLUENT, REWARD ZONE,          Case No. 17-cv-01551 MMC
REWARDSFLOW, AMERICAN PRIZE CENTER, AND MOHIT SINGLA

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

9.      In response to Paragraph 9 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each allegation contained therein.

10.     In response to Paragraph 10 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each allegation contained therein.

11.     In response to Paragraph 11 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each allegation contained therein.

12.     In response to Paragraph 12 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each allegation contained therein.

13.     In response to Paragraph 13 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each allegation contained therein.

14.     In response to Paragraph 14 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each allegation contained therein.

15.     In response to Paragraph 15 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each allegation contained therein.

16.     In response to Paragraph 16 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each allegation contained therein.

17.     In response to Paragraph 17 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each allegation contained therein.

ANSWER TO COMPLAINT BY DEFENDANTS FLUENT, REWARD ZONE, REWARDSFLOW, AMERICAN PRIZE CENTER, AND MOHIT SINGLA

Case No. 17-cv-01551 MMC

1     18.     In response to Paragraph 18 of the First Amended Complaint, Defendants object
2    to said allegations on the grounds that they are legal conclusions which require no response.
3    Without waiving and subject to said objection, Defendants deny the factual allegations contained
4    in said paragraph.

5    **B.**   **Defendants**

6        ***1.**   ***Advertiser Defendants***

7     19.     In response to Paragraph 19 of the First Amended Complaint, Defendants admit
8    that FLUENT, LLC is a Delaware Limited Liability Company was formerly known as FLUENT,
9    INC. and maintains its principal place of business in New York, New York.  Defendants deny
10   the remaining allegations contained in said paragraph.

11    20.     In response to Paragraph 20 of the First Amended Complaint, Defendants admit
12   that REWARD ZONE USA, LLC is affiliated with FLUENT, LLC.  Defendants admit the
13   remaining allegations contained in said paragraph.

14    21.     In response to Paragraph 21 of the First Amended Complaint, Defendants admit
15   that REWARDSFLOW, LLC is affiliated with FLUENT, LLC.  Defendants deny the remaining
16   allegations contained in said paragraph.

17    22.     In response to Paragraph 22 of the First Amended Complaint, Defendants admit
18   that AMERICAN PRIZE CENTER, LLC is affiliated with FLUENT, LLC.  Defendants admit
19   the remaining allegations contained in said paragraph.

20    23.     In response to Paragraph 23 of the First Amended Complaint, Defendants admit
21   that MOHIT SINGLA resides in New York State and is affiliated with FLUENT, LLC and the
22   other entities.  Defendants admit that said defendant is listed as a contact person on a WHOIS
23   search for some of the listed domain names.

24    24.     In response to Paragraph 24 of the First Amended Complaint, Defendants object
25   to the allegation and reference to said Defendants as "Advertiser Defendants" on the grounds that
26   it is a legal conclusion which requires no response.  Without waiving and subject to said
27   objection, Defendants admit the remaining factual allegations contained in said paragraph.

28

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

ANSWER TO COMPLAINT BY DEFENDANTS FLUENT, REWARD ZONE,    Case No. 17-cv-01551 MMC
REWARDSFLOW, AMERICAN PRIZE CENTER, AND MOHIT SINGLA

1

2

### 2. *Publisher Defendants*

3    25.    In response to Paragraph 25 of the First Amended Complaint, Defendants are

4 without sufficient knowledge or information to form a belief as to the truth of the allegations

5 contained in said paragraph, and on that basis deny each allegation contained therein.

6    26.    In response to Paragraph 26 of the First Amended Complaint, Defendants are

7 without sufficient knowledge or information to form a belief as to the truth of the allegations

8 contained in said paragraph, and on that basis deny each allegation contained therein.

9    27.    In response to Paragraph 27 of the First Amended Complaint, Defendants are

10 without sufficient knowledge or information to form a belief as to the truth of the allegations

11 contained in said paragraph, and on that basis deny each allegation contained therein.

12    28.    In response to Paragraph 28 of the First Amended Complaint, Defendants are

13 without sufficient knowledge or information to form a belief as to the truth of the allegations

14 contained in said paragraph, and on that basis deny each allegation contained therein.

15    29.    In response to Paragraph 29 of the First Amended Complaint, Defendants are

16 without sufficient knowledge or information to form a belief as to the truth of the allegations

17 contained in said paragraph, and on that basis deny each allegation contained therein.

18    30.    In response to Paragraph 30 of the First Amended Complaint, Defendants are

19 without sufficient knowledge or information to form a belief as to the truth of the allegations

20 contained in said paragraph, and on that basis deny each allegation contained therein.

21    31.    In response to Paragraph 31 of the First Amended Complaint, Defendants are

22 without sufficient knowledge or information to form a belief as to the truth of the allegations

23 contained in said paragraph, and on that basis deny each allegation contained therein.

24    32.    In response to Paragraph 32 of the First Amended Complaint, upon information

25 and belief, Defendants deny that ANDRES MARY is an individual with a principal place of

26 business in San Francisco, California.  Defendants are without sufficient knowledge or

27 information to form a belief as to the truth of the remaining allegations contained in said

28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ANSWER TO COMPLAINT BY DEFENDANTS FLUENT, REWARD ZONE,          Case No. 17-cv-01551 MMC
REWARDSFLOW, AMERICAN PRIZE CENTER, AND MOHIT SINGLA

paragraph, and on that basis deny each remaining allegation contained therein.

### 3. Doe Defendants

33.     In response to Paragraph 33 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each allegation contained therein.

34.     In response to Paragraph 34 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis deny each allegation contained therein.

35.     In response to Paragraph 35 of the First Amended Complaint, Defendants object to the allegations on the grounds they are legal conclusions, which requires no response. Without waiving and subject to said objections, Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining factual allegations (if any) contained in said paragraph, and on that basis deny each remaining allegation contained therein.

## III.     JURISDICTION AND VENUE

### A.  Jurisdiction is Proper in a California Superior Court

36.     In response to Paragraph 36 of the First Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph with respect to Plaintiffs.  Defendant FLUENT, LLC removed the state court action entitled *Mira Blanchard, et al. v. Fluent, Inc., et al*, San Francisco County Superior Court, Case No. CGC 16-554299 ("the Action") to this Court pursuant to 28 U.S.C. sections 1332, 1441, and 1446. The removal was based upon the original jurisdiction of the federal district court over the parties under 28 U.S.C. section 1332 based upon complete diversity of citizenship between plaintiffs and the "properly joined defendants."  Upon information and belief, Defendant Andres Mary was fraudulently joined to defeat diversity, and his alleged citizenship (which is alleged to be in California) should not be considered.  The Action may be removed to this Court by the Defendants pursuant to the provisions of 28 U.S.C. section 1332, because, as set forth below, complete diversity exists among the plaintiffs and non-

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

ANSWER TO COMPLAINT BY DEFENDANTS FLUENT, REWARD ZONE,     Case No. 17-cv-01551 MMC
REWARDSFLOW, AMERICAN PRIZE CENTER, AND MOHIT SINGLA

1   fraudulently joined defendants and the amount in controversy exceeds $75,000, exclusive of

2   interest and costs.

3   **B.   Venue is Proper In San Francisco County**

4          37.      In response to Paragraph 37 of the First Amended Complaint, and based on the

5   removal, Defendants allege that Venue is proper in the Northern District of California. Upon

6   information and belief, Defendants deny that Defendant MARY resides and/or has a principal

7   place of business in San Francisco, and allege that he fraudulently joined to defeat diversity, and

8   his alleged citizenship should not be considered.

9                        **IV.   ALMOST 1,300 UNLAWFUL SPAMS**

10         38.      In response to Paragraph 38 of the First Amended Complaint, Defendants object

11   to the allegations on the grounds they are legal conclusions, which requires no response.

12   Without waiving and subject to said objections, Defendants deny the remaining factual

13   allegations (if any) contained in said paragraph, and on that basis deny each remaining allegation

14   contained therein.

15         39.      In response to Paragraph 39 of the First Amended Complaint, Defendants object

16   to the allegations on the grounds they are legal conclusions, which requires no response.

17   **A.   The Emails at Issue are "Spams"; Recipients and Counts**

18         40.      In response to Paragraph 40 of the First Amended Complaint, Defendants object

19   to the allegations on the grounds they are legal conclusions, which requires no response.

20   Without waiving and subject to said objection, Defendants admits that the single email included

21   in the Frist Amended Complaint appears to be a "commercial email advertisement."  Defendants

22   deny the remaining allegations of said paragraph.

23         41.      In response to Paragraph 41 of the First Amended Complaint, Defendants are

24   without sufficient knowledge or information to form a belief as to the truth of the allegations

25   contained in said paragraph, and on that basis deny each allegation contained therein.

26         42.      In response to Paragraph 42 of the First Amended Complaint, Defendants are

27   without sufficient knowledge or information to form a belief as to the truth of the allegations

28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-7-

1   contained in said paragraph, and on that basis deny each allegation contained therein.

2          43.    In response to Paragraph 43 of the First Amended Complaint, as it applies to these

3   answering Defendants, Defendants deny the allegations of said paragraphs.  With respect to other

4   defendants, these answering Defendants are without sufficient knowledge or information to form

5   a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis

6   deny each remaining allegation contained therein.

7          44.    In response to Paragraph 44 of the First Amended Complaint, Defendants deny

8   the allegations contained in said paragraph.

9
10     **B.   Spams With Generic or False From Names Misrepresent Who is Advertising in
       the Spams and Violate Business & Professions Code §17529.5(a)(2)**

11         45.    In response to Paragraph 45 of the First Amended Complaint, Defendants object

12  to the allegations on the grounds they are legal conclusions, which requires no response.

13  Without waiving and subject to said objections, Defendants maintain that Plaintiffs' claims for

14  relief are preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing

15  Act of 2003 ("CAN–SPAM Act"), 15 U.S.C. §§7701, *et seq.*

16         46.    In response to Paragraph 46 of the First Amended Complaint, Defendants object

17  to the allegations on the grounds they are argumentative and legal conclusions, which requires no

18  response.

19         47.    In response to Paragraph 47 of the First Amended Complaint, Defendants object

20  to the allegations on the grounds they are argumentative and legal conclusions, which requires no

21  response.

22         48.    In response to Paragraph 48 of the First Amended Complaint, Defendants object

23  to the allegations on the grounds they are argumentative and legal conclusions, which requires no

24  response.

25         49.    In response to Paragraph 49 of the First Amended Complaint, Defendants object

26  to the allegations on the grounds they are speculative, lack foundation, are argumentative and

27  state legal conclusions, which requires no response.

28

ANSWER TO COMPLAINT BY DEFENDANTS FLUENT, REWARD ZONE,          Case No. 17-cv-01551 MMC
REWARDSFLOW, AMERICAN PRIZE CENTER, AND MOHIT SINGLA

**Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111**

1   50.     In response to Paragraph 50 of the First Amended Complaint, Defendants object

2   to the allegations on the grounds they are speculative, lack foundation, are argumentative and

3   state legal conclusions and call for expert opinions, which requires no response.

4   51.     In response to Paragraph 51 of the First Amended Complaint, Defendants object

5   to the allegations on the grounds they are speculative, lack foundation, are argumentative and

6   state legal conclusions, which requires no response.

7   52.     In response to Paragraph 52 of the First Amended Complaint, Defendants object

8   to the allegations on the grounds they are argumentative and state legal conclusions, which

9   requires no response.

10  53.     In response to Paragraph 53 of the First Amended Complaint, Defendants object

11  to the allegations on the grounds they are speculative, lack foundation, and are argumentative

12  and state legal conclusions, which require no response.  Without waiving and subject to said

13  objection, Defendants deny the remaining allegations of said paragraph.

14  54.     In response to Paragraph 54 of the First Amended Complaint, Defendants object

15  to the allegations on the grounds they are speculative, lack foundation, and are argumentative

16  and state legal conclusions, which require no response.  Without waiving and subject to said

17  objection, as it applies to these answering Defendants, Defendants deny the allegations of said

18  paragraph.  With respect to other defendants, these answering Defendants are without sufficient

19  knowledge or information to form a belief as to the truth of the remaining allegations contained

20  in said paragraph, and on that basis deny each remaining allegation contained therein.

21  55.     In response to Paragraph 55 of the First Amended Complaint, Defendants object

22  to the allegations on the grounds they are speculative, lack foundation, and are argumentative

23  and state legal conclusions, which require no response.  Without waiving and subject to said

24  objection, Defendants deny the remaining allegations of said paragraph.

25  56.     In response to Paragraph 56 of the First Amended Complaint, Defendants object

26  to the allegations on the grounds they are speculative, lack foundation, and are argumentative

27  and state legal conclusions, which require no response.  Without waiving and subject to said

28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ANSWER TO COMPLAINT BY DEFENDANTS FLUENT, REWARD ZONE,        Case No. 17-cv-01551 MMC
REWARDSFLOW, AMERICAN PRIZE CENTER, AND MOHIT SINGLA

objection, Defendants deny the remaining allegations of said paragraph.

57.    In response to Paragraph 57 of the First Amended Complaint, Defendants object to the allegations on the grounds they are speculative, lack foundation, and are argumentative and state legal conclusions, which require no response.  Without waiving and subject to said objection, Defendants deny the remaining allegations of said paragraph.

58.    In response to Paragraph 58 of the First Amended Complaint, Defendants object to the allegations on the grounds they are speculative, lack foundation, and are argumentative and state legal conclusions, which require no response.  Without waiving and subject to said objection, Defendants deny the remaining allegations of said paragraph.

59.    In response to Paragraph 59 of the First Amended Complaint, Defendants object to the allegations on the grounds they are speculative, lack foundation, and are argumentative and state legal conclusions, which require no response.  Without waiving and subject to said objection, Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each remaining allegation contained therein.

## C.   Spams Sent from Domain Names Registered So As To Not Be Readily Traceable to the Sender Violate Business & Professions Code §17529.5(a)(2)

60.    In response to Paragraph 60 of the First Amended Complaint, Defendants object to the allegations on the grounds they are legal conclusions, which requires no response. Without waiving and subject to said objections, Defendants maintain that Plaintiffs' claims for relief are preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN–SPAM Act"), 15 U.S.C. §§7701, *et seq.*

61.    In response to Paragraph 61 of the First Amended Complaint, Defendants object to the allegations on the grounds they are legal conclusions, which requires no response.

62.    In response to Paragraph 62 of the First Amended Complaint, Defendants object to the allegations on the grounds they are legal conclusions, which requires no response.

63.    In response to Paragraph 63 of the First Amended Complaint, Defendants object

-10-

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  to the allegations on the grounds they are speculative, lack foundation, and are argumentative

2  and state legal conclusions, which require no response.  Without waiving and subject to said

3  objection, Defendants deny the remaining allegations of said paragraph.

4        64.    In response to Paragraph 64 of the First Amended Complaint, Defendants object

5  to the allegations on the grounds they are speculative, lack foundation, and are argumentative

6  and state legal conclusions, which require no response.  Without waiving and subject to said

7  objection, Defendants are without sufficient knowledge or information to form a belief as to the

8  truth of the remaining allegations contained in said paragraph, and on that basis deny each

9  remaining allegation contained therein.

10        65.    In response to Paragraph 65 of the First Amended Complaint, Defendants are

11  without sufficient knowledge or information to form a belief as to the truth of the remaining

12  allegations contained in said paragraph, and on that basis deny each remaining allegation

13  contained therein.

14

15  **D.  <u>Spams With False and Misrepresented Subject Lines Violate Business & Professions Code §17529.5(a)(2)</u>**

16        66.    In response to Paragraph 66 of the First Amended Complaint, Defendants object

17  to the allegations on the grounds they are legal conclusions, which requires no response.

18  Without waiving and subject to said objections, Defendants maintain that Plaintiffs' claims for

19  relief are preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing

20  Act of 2003 ("CAN–SPAM Act"), 15 U.S.C. §§7701, et seq.

21        67.    In response to Paragraph 67 of the First Amended Complaint, Defendants object

22  to the allegations on the grounds they are legal conclusions, which requires no response.

23        68.    In response to Paragraph 68 of the First Amended Complaint, Defendants object

24  to the allegations on the grounds they are legal conclusions, which requires no response.

25  Without waiving and subject to said objections, Defendants maintain that Plaintiffs' claims for

26  relief are preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing

27

28

-11-

1   Act of 2003 ("CAN–SPAM Act"), 15 U.S.C. §§7701, et seq. and deny the remaining allegations

2   of said paragraph.

3      69.      In response to Paragraph 69 of the First Amended Complaint, Defendants object

4   to the allegations on the grounds they are speculative, lack foundation, and are argumentative

5   and state legal conclusions, which require no response.  Without waiving and subject to said

6   objection, Defendants are without sufficient knowledge or information to form a belief as to the

7   truth of the remaining allegations contained in said paragraph, and on that basis deny each

8   remaining allegation contained therein.

9

**E.  Spams With False and Misrepresented Subject Lines Violate Business & Professions**

10   **Code §17529.5(a)(2)**

11      70.      In response to Paragraph 70 of the First Amended Complaint, Defendants object

12   to the allegations on the grounds they are legal conclusions, which requires no response.

13   Without waiving and subject to said objections, Defendants maintain that Plaintiffs' claims for

14   relief are preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing

15   Act of 2003 ("CAN–SPAM Act"), 15 U.S.C. §§7701, et seq.

16      71.      In response to Paragraph 71 of the First Amended Complaint, Defendants object

17   to the allegations on the grounds they are legal conclusions, which requires no response.

18   Without waiving and subject to said objections, Defendants maintain that Plaintiffs' claims for

19   relief are preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing

20   Act of 2003 ("CAN–SPAM Act"), 15 U.S.C. §§7701, et seq. and Defendants are without

21   sufficient knowledge or information to form a belief as to the truth of the remaining allegations

22   contained in said paragraph, and on that basis deny each remaining allegation contained therein.

23      72.      In response to Paragraph 72 of the First Amended Complaint, Defendants object

24   to the allegations on the grounds they are speculative, lack foundation, and are argumentative

25   and state legal conclusions, which require no response.  Without waiving and subject to said

26   objection, Defendants are without sufficient knowledge or information to form a belief as to the

27

28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-12-

truth of the remaining allegations contained in said paragraph, and on that basis deny each remaining allegation contained therein.

F. **Spams Containing a Third Party's Domain Name Without Permission Violate[s] Business & Professions Code §17529.5(a)(1)**

73.    In response to Paragraph 73 of the First Amended Complaint, Defendants object to the allegations on the grounds they are legal conclusions, which requires no response. Without waiving and subject to said objections, Defendants maintain that Plaintiffs' claims for relief are preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN–SPAM Act"), 15 U.S.C. §§7701, et seq.

74.    In response to Paragraph 74 of the First Amended Complaint, Defendants object to the allegations on the grounds they are speculative, lack foundation, and are argumentative and state legal conclusions, which require no response. Without waiving and subject to said objection, Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each remaining allegation contained therein.

75.    In response to Paragraph 75 of the First Amended Complaint, Defendants object to the allegations on the grounds they are speculative, lack foundation, and are argumentative and state legal conclusions, which require no response. Without waiving and subject to said objection, Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in said paragraph, and on that basis deny each remaining allegation contained therein.

76.    In response to Paragraph 76 of the First Amended Complaint, Defendants object to the allegations on the grounds they are speculative, lack foundation, and are argumentative and state legal conclusions, which require no response. Without waiving and subject to said objection, Defendants maintain that Plaintiffs' claims for relief are preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN–SPAM Act"), 15 U.S.C. §§7701, et seq. and Defendants are without sufficient knowledge or information to form a

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-13-

1  belief as to the truth of the remaining allegations contained in said paragraph, and on that basis

2  deny each remaining allegation contained therein.

3

**G.   The ADVERTISER DEFENDANTS are Strictly Liable for Spams Sent By Their**
4  **Marketing Agents**

5  77.   In response to Paragraph 77 of the First Amended Complaint, Defendants object

6  to the allegations on the grounds they are speculative, lack foundation, and are argumentative,

7  which requires no response.  Without waiving and subject to said objection, Defendants admit

8  that they contract with third parties.  Defendants deny each remaining allegation contained

9  therein.

10  78.   In response to Paragraph 78 of the First Amended Complaint, Defendants object

11  to the allegations on the grounds they are speculative, lack foundation, and are argumentative,

12  which requires no response.  Without waiving and subject to said objection, Defendants admit

13  that they contract with third parties.  Defendants deny each remaining allegation contained

14  therein.

15  79.   In response to Paragraph 79 of the First Amended Complaint, Defendants object

16  to the allegations on the grounds they are argumentative and state a legal conclusion, which

17  requires no response.  Without waiving and subject to said objection, Defendants maintain that

18  Plaintiffs' claims for relief are preempted by the Controlling the Assault of Non-Solicited

19  Pornography and Marketing Act of 2003 ("CAN–SPAM Act"), 15 U.S.C. §§7701, et seq.

20  80.   In response to Paragraph 80 of the First Amended Complaint, Defendants object

21  to the allegations on the grounds they are speculative, lack foundation, and are argumentative,

22  which requires no response.  Without waiving and subject to said objection, Defendants deny

23  each remaining allegation contained therein.

24

**H.   Plaintiffs Sue for Statutory Liquidated Damages; No Proof of Reliance or Actual**
25  **Damages is Necessary**

26  81.   In response to Paragraph 81 of the First Amended Complaint, Defendants object

27  to the allegations on the grounds they state a legal conclusion, which requires no response.

28

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1   Without waiving and subject to said objection, Defendants maintain that Plaintiffs' claims for

2   relief are preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing

3   Act of 2003 ("CAN–SPAM Act"), 15 U.S.C. §§7701, et seq.

4      82.  In response to Paragraph 82 of the First Amended Complaint, Defendants object

5   to the allegations on the grounds they state a legal conclusion, which requires no response.

6      83.  In response to Paragraph 83 of the First Amended Complaint, Defendants object

7   to the allegations on the grounds they state a legal conclusion, which requires no response.

8      84.  In response to Paragraph 84 of the First Amended Complaint, Defendants object

9   to the allegations on the grounds they state a legal conclusion, which requires no response.

10  Without waiving and subject to said objection, Defendants maintain that Plaintiffs' claims for

11  relief are preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing

12  Act of 2003 ("CAN–SPAM Act"), 15 U.S.C. §§7701, et seq.

13     85.  In response to Paragraph 85 of the First Amended Complaint, Defendants object

14  to the allegations on the grounds they state a legal conclusion, which requires no response.

15  Without waiving and subject to said objection, Defendants maintain that Plaintiffs' claims for

16  relief are preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing

17  Act of 2003 ("CAN–SPAM Act"), 15 U.S.C. §§7701, et seq. and deny each remaining allegation

18  contained therein.

19  **I.** **Defendants Actions Were Willful and Preclude any Reduction in Statutory Damages**

20     86.  In response to Paragraph 86 of the First Amended Complaint, Defendants object

21  to the allegations on the grounds they state a legal conclusion, which requires no response.

22  Without waiving and subject to said objection, Defendants maintain that Plaintiffs' claims for

23  relief are preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing

24  Act of 2003 ("CAN–SPAM Act"), 15 U.S.C. §§7701, et seq. and deny each remaining allegation

25  contained therein.

26     87.  In response to Paragraph 87 of the First Amended Complaint, Defendants object

27  to the allegations on the grounds they state a legal conclusion, which requires no response.

28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-15-

1   Without waiving and subject to said objection, Defendants maintain that Plaintiffs' claims for

2   relief are preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing

3   Act of 2003 ("CAN–SPAM Act"), 15 U.S.C. §§7701, et seq. and deny each remaining allegation

4   contained therein.

5        88.    In response to Paragraph 88 of the First Amended Complaint, Defendants deny

6   each allegation contained therein.

7        89.    In response to Paragraph 89 of the First Amended Complaint, Defendants deny

8   each allegation contained therein.

9        90.    In response to Paragraph 90 of the First Amended Complaint, Defendants object

10   to the allegations on the grounds they are speculative, lack foundation, are argumentative and

11   state a legal conclusion, which requires no response.  Without waiving and subject to said

12   objection, Defendants maintain that Plaintiffs' claims for relief are preempted by the Controlling

13   the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN–SPAM Act"), 15

14   U.S.C. §§7701, et seq. and deny each remaining allegation contained therein.

15        91.    In response to Paragraph 91 of the First Amended Complaint, Defendants object

16   to the allegations on the grounds they are speculative, lack foundation, are argumentative and

17   state a legal conclusion, which requires no response.  Without waiving and subject to said

18   objection, Defendants deny each remaining allegation contained therein.

19        92.    In response to Paragraph 92 of the First Amended Complaint, Defendants deny

20   each remaining allegation contained therein.

### FIRST CAUSE OF ACTION
**[Violations of California Restrictions on Unsolicited Commercial Email, California Business & Professions Code §17529.5]**
**(Against All Defendants)**

23        93.    In response to Paragraph 93 of the First Amended Complaint, Defendants deny

24   the allegations contained therein.

25        94.    In response to Paragraph 94 of the First Amended Complaint, Defendants are

26   without sufficient knowledge or information to form a belief as to the truth of the allegations

27   contained in said paragraph, and on that basis deny each allegation contained therein.

-16-

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

95.     In response to Paragraph 95 of the First Amended Complaint, Defendants maintain that Plaintiffs' claims for relief are preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN–SPAM Act"), 15 U.S.C. §§7701, et seq. and deny each remaining allegation contained therein.

96.     In response to Paragraph 96 of the First Amended Complaint, Defendants object to the allegations on the grounds they state a legal conclusion, which requires no response.

97.     In response to Paragraph 97 of the First Amended Complaint, Defendants deny the allegations of said paragraph.

98.     In response to Paragraph 98 of the First Amended Complaint, Defendants object to the allegations on the grounds they state a legal conclusion, which requires no response. Without waving and subject to said objections, Defendants maintain that Plaintiffs' claims for relief are preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN–SPAM Act"), 15 U.S.C. §§7701, et seq. and deny each remaining allegation contained therein.

99.     In response to Paragraph 99 of the First Amended Complaint, Defendants object to the allegations on the grounds they state a legal conclusion, which requires no response.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action or a Claim Upon Which Relief Can be Granted)

As a first, separate and distinct affirmative defense, Defendants allege that the First Amended Complaint fails to allege facts sufficient to constitute a cause of action and/or fails to state a claim upon which relief can be granted against Defendants.

### SECOND AFFIRMATIVE DEFENSE

### (No Actual Case or Controversy)

As a further, separate and distinct affirmative defense, Defendants allege that the First Amended Complaint presents no actual case or controversy, or justiciable issue suitable for determination by this Court.

ANSWER TO COMPLAINT BY DEFENDANTS FLUENT, REWARD ZONE,     Case No. 17-cv-01551 MMC
REWARDSFLOW, AMERICAN PRIZE CENTER, AND MOHIT SINGLA

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

**THIRD AFFIRMATIVE DEFENSE**

**(Preemption)**

As a further, separate and distinct affirmative defense, Defendants allege that the claims made in the First Amended Complaint are preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN–SPAM Act"), 15 U.S.C. §§7701, et seq. and the extent of the duties, if any, of any or all of the Defendants to Plaintiffs with regard to the subject matter of the First Amended Complaint are governed exclusively by federal law, and Plaintiffs lack standing.

**FOURTH AFFIRMATIVE DEFENSE**

**(No Attorney's Fees)**

As a further, separate and distinct affirmative defense, Defendants allege that Plaintiffs are not entitled to any award of attorney's fees under any statute, theory or case law authority.

**FIFTH AFFIRMATIVE DEFENSE**

**(Standing)**

As a further, separate and distinct affirmative defense, Defendants allege that Plaintiffs lack standing to assert the claims in the First Amended Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

**(Superseding/Intervening Cause)**

Any and all acts, omissions or violations alleged in the First Amended Complaint were the result of superseding or intervening causes arising from the acts or omissions of parties which Defendants neither controlled nor had the legal right to control, and said violations were not proximately or otherwise caused by any act, omission, or other conduct of Defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Conduct of Others)**

As a further, separate and distinct affirmative defense, Defendants allege that any acts, omissions or violations alleged in the First Amended Complaint were proximately caused or contributed to by the acts, omissions, conduct, products or services of parties other than these

-18-

answering Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

**(Privileged Actions)**

As a further, separate and distinct affirmative defense, Defendants allege that the conduct set forth in the First Amended Complaint, if and to the extent it occurred, was privileged and done with a good faith belief it was correct and no action may be taken against Defendants on account of such conduct, if any.

### NINTH AFFIRMATIVE DEFENSE

**(Plaintiffs' Own Conduct)**

As a further, separate and distinct affirmative defense, Defendants allege that any damages sustained by Plaintiffs were either wholly or, in part, negligently caused by Plaintiffs' own actions, inactions, or delay in acting, and said negligence eliminates or comparatively reduces the percentage of fault, if any, of Defendants.

### TENTH AFFIRMATIVE DEFENSE

**(Mootness)**

As a further, separate and distinct affirmative defense, Defendants allege that the claims alleged in the First Amended Complaint are time barred and/or moot, eliminating any liability on the part of the Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

**(Laches)**

As a further, separate and distinct affirmative defense, Defendants allege that said First Amended Complaint is barred by the doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE

**(Failure to Join Necessary/Indispensable Parties)**

As a further, separate and distinct affirmative defense, these answering Defendants are informed and believe, and thereon allege, that Plaintiff has failed to join all necessary or indispensable parties.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-19-

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

As a further, separate and distinct affirmative defense, Defendants allege that Plaintiffs failed to mitigate their damages, barring Plaintiffs from recovery in this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As a further, separate and distinct affirmative defense, Defendants allege that each claim alleged in the First Amended Complaint, and each cause of action therein, are barred by the applicable statutes of limitations as may be applicable based upon evidence and information developed through discovery.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Uncertainty and Lack of Particularity)

As a further, separate and affirmative defense, Defendants allege that the First Amended Complaint is not pleaded with sufficient particularity, including, but not limited to specifically identifying and/or producing the emails at issue, to provide notice to Defendants of the claims against them, rendering said First Amended Complaint uncertain, ambiguous and/or unintelligible and requiring a more definite statement.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Justified Conduct)

As a further, separate and distinct affirmative defense, Defendants are informed and believe and thereon allege that at all times material to the events alleged in the First Amended Complaint Defendants' conduct was justified.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As a further, separate and distinct affirmative defense, Defendants allege that Plaintiffs' claims and requests for relief are barred under the doctrine of unclean hands.

ANSWER TO COMPLAINT BY DEFENDANTS FLUENT, REWARD ZONE, REWARDSFLOW, AMERICAN PRIZE CENTER, AND MOHIT SINGLA

Case No. 17-cv-01551 MMC

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (No Damage)

As a further, separate and distinct affirmative defense, Defendants allege that Plaintiffs are not entitled to relief on any of their causes of action because they have not suffered any damage as a result of any actions taken by Defendants or their agents.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Waiver and Estoppel)

As a further, separate and distinct affirmative defense, Defendants allege that by reasons of their own actions, Plaintiffs are waived and/or estopped from proceeding with the causes of action alleged in his Complaint.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Free Speech)

As a further, separate and distinct affirmative defense, Defendants allege that their speech and conduct, as alleged in the First Amended Complaint is protected by the First Amendment to the Constitution of the United States, and/or privileged pursuant to law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Reasonable Conduct)

As a further, separate and distinct affirmative defense, Defendants allege that Plaintiffs are not entitled to relief on any of their causes of action because Defendants' conduct was at all times reasonable, in complete good faith, based upon good cause, and undertaken pursuant to the terms of applicable laws and regulations.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Permissible Conduct)

As a further, separate and distinct affirmative defense, Defendants allege that they are not responsible for Plaintiffs' harm, if any, because their conduct was permissible.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Nothing Deceptive or Misleading)

As a further, separate and distinct affirmative defense, Defendants allege that none of the information contained in the alleged emails was deceptive or misleading, nor intended to induce reliance to act or to refrain from acting, and any representations contained in any emails allegedly sent by Defendants were made with an honest, good faith belief in their truth.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Reduced Damages)

As a further, separate and distinct affirmative defense, Defendants allege they established and implemented, with due care, practices and procedures reasonably designed to effectively prevent unsolicited commercial e-mail advertisements that are in violation of the CAN SPAM Act or Cal.Bus & Prof.Code §17529.5 and, to the extent that the Court finds Defendants liable for liquidated or statutory damages, such damages must be reduced pursuant to Bus. & Prof. Code § 17529.5(b)(2).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

As a further, separate and distinct affirmative defense, Defendants allege that any claims for equitable remedies, including injunctive or and restitution remedies, are barred because adequate remedies exist at law.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

As a further, separate and affirmative defense, Defendants allege that Plaintiffs are barred from recovery because any recovery awarded to Plaintiffs would constitute unjust enrichment.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Establish Actual Damages)

As a further, separate and distinct affirmative defense, Defendants allege that Plaintiffs are barred from recovering against Defendants because Plaintiffs cannot establish actual

damages resulting from any acts or omissions of Defendants.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Set Off/Offset)

As a further, separate and distinct affirmative defense, Defendants allege that should they be deemed liable to Plaintiffs, which liability is specifically denied, Defendants would be entitled to a set off/offset and credit for all sums of money owed to Defendants by Plaintiffs and/or received or available from or on behalf of any tortfeasors or co-obligors for the same damages and injuries alleged in Plaintiffs' First Amended Complaint.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Good Faith)

As a further, separate and distinct affirmative defense, Defendants allege that their conduct, with respect to Plaintiffs was at all times reasonable, in complete good faith, based upon good cause, motivated solely by legitimate considerations, and undertaken pursuant to the terms of applicable laws and regulations.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Consent)

As a further, separate and distinct affirmative defense, Defendants allege that Plaintiffs invited and/or consented to any claimed damage or harm by "harvesting" emails and/or gave their consent, express or implied, to the acts, omissions, representations, and courses of conduct of Defendants as alleged in the First Amended Complaint and each cause of action contained herein.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Opt Out)

As a further, separate and distinct affirmative defense, Defendants allege that Plaintiffs waived any right to relief and/or consented to the alleged damage or harm by failing or refusing to "opt-out" or otherwise notify the sender of the allegedly unlawful email that Plaintiffs did not wish to receive any more emails.

-23-

ANSWER TO COMPLAINT BY DEFENDANTS FLUENT, REWARD ZONE, REWARDSFLOW, AMERICAN PRIZE CENTER, AND MOHIT SINGLA

Case No. 17-cv-01551 MMC

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Ratification)

As a further, separate and distinct affirmative defense, Defendants allege that Plaintiffs directed, ordered, approved and/or ratified the conduct of Defendants and are therefore estopped from asserting any claim based thereon.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (No Concealment)

As a further, separate and distinct affirmative defense, Defendants allege that Plaintiffs are not entitled to any relief on any of its causes of action because Defendants did not mislead, or intentionally conceal, deceive, or misrepresent any matter to Plaintiffs.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (No Reliance)

As a further, separate and distinct affirmative defense, Defendants allege that Plaintiffs did not, and could not, reasonably rely on the emails or matters allegedly misrepresented, suppressed or concealed.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Conduct Not Unfair)

As a further, separate and distinct affirmative defense, Defendants allege that their purported conduct, acts and omissions are not unfair or unlawful.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Lack of Intent)

As a further, separate and distinct affirmative defense, Defendants allege that any alleged communications made by Defendants which formed the basis of Plaintiffs' Complaint herein, were true and honest at the time made.  Said representations were made, if any there were, without knowledge of any falsity or deception, and were not made with the intent to deceive the Plaintiffs; Plaintiffs are therefore barred from recovery herein.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Discharge by Operation of Law)

As a further, separate and distinct affirmative defense Defendants allege that the obligations of the parties, if any, and in particular of Defendants, have been discharged by operation of law.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Defenses of Others)

As a further, separate and distinct affirmative defense Defendants hereby adopt and incorporate by reference any and all other affirmative defenses asserted or to be asserted by any other defendant in this proceeding to the extend Defendants may share in such affirmative defenses.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

As a further, separate and distinct affirmative defense, Defendants allege that they may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize its claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs for which Plaintiff alleges that Defendants may have some responsibility.  Defendants therefore reserve the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

## PRAYER FOR RELIEF

WHEREFORE, these answering Defendants pray for judgment as follows:

1.      That Plaintiffs' claims for relief are preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN–SPAM Act"), 15 U.S.C. §§7701, et seq.

2.      That Plaintiffs take nothing by their Complaint;

ANSWER TO COMPLAINT BY DEFENDANTS FLUENT, REWARD ZONE, REWARDSFLOW, AMERICAN PRIZE CENTER, AND MOHIT SINGLA

Case No. 17-cv-01551 MMC

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

3.      That these answering Defendants be dismissed from this action;

4.      For reasonable attorney's fees and costs of suit incurred herein; and

5.      For such other and further relief as the Court deems proper.

Dated:  March 29, 2017               GORDON REES SCULLY MANSUKHANI, LLP


By _____
        Andrew D. Castricone
Attorneys for Defendants FLUENT, LLC served and f/k/a
FLUENT, INC.; REWARD ZONE USA, LLC;
REWARDSFLOW LLC; AMERICAN PRIZE CENTER,
LLC; and MOHIT SINGLA

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1

## JURY DEMAND

2        Defendants hereby demand a trial by jury on all issues and matters triable pursuant to

3   Federal Rule of Civil Procedure 38 and Civil Local Rule 3-6.

4

5   Dated:  March 29, 2017            GORDON REES SCULLY MANSUKHANI, LLP

6

7

8                                    By _____
                                          Andrew D. Castricone
9                                    Attorneys for Defendants FLUENT, LLC served and f/k/a
                                     FLUENT, INC.; REWARD ZONE USA, LLC;
10                                   REWARDSFLOW LLC; AMERICAN PRIZE CENTER,
                                     LLC; and MOHIT SINGLA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1126421/32204478v.1

ANSWER TO COMPLAINT BY DEFENDANTS FLUENT, REWARD ZONE,        Case No. 17-cv-01551 MMC
REWARDSFLOW, AMERICAN PRIZE CENTER, AND MOHIT SINGLA