IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRA BLANCHARD, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>FLUENT, INC., et al.,<br><br>    Defendants. | Case No. 17-cv-01551-MMC<br><br>**ORDER DENYING STIPULATIONS; EXTENDING FILING DEADLINES AND CONTINUING HEARING DATE**<br><br>Re: Dkt. Nos. 24, 25 |

On March 22, 2017, defendant Fluent, Inc. ("Fluent") removed the instant action on the asserted basis of diversity jurisdiction. On April 3, 2017, plaintiffs filed a motion to remand and, on April 4, 2017, the Court, based on a different ground, specifically, defendants' failure to demonstrate the citizenship of a number of entity defendants and several individual defendants, issued an order directing Fluent to show cause why the action should not be remanded for lack of subject matter jurisdiction. (See Order to Show Cause at 2:6-8.)

Now before the Court are two stipulations, (1) a stipulation, filed May 5, 2017, to allow plaintiffs to file a Second Amended Complaint; and (2) a stipulation, filed May 8, 2017, to extend, pending plaintiffs' filing of a revised motion to remand, Fluent's deadline to respond to plaintiffs' motion to remand and the Court's order to show cause, both of which were due no later than May 8, 2017. The Court, having reviewed the two stipulations, rules as follows.

"[F]ederal removal jurisdiction on the basis of diversity . . . is determined (and must exist) as of the time the complaint is filed and removal is effected." See Strotek Corp. v. Air Transport Ass'n of America, 300 F.3d 1129, 1131 (9th Cir. 2002). Here, as set forth in

the Court's Order to Show Cause, there has been no showing that the parties in the instant action were diverse at the time of removal. Under such circumstances, the Court finds it preferable to defer the filing of an amended complaint until such time as the Court has resolved the question of removal jurisdiction. If defendants succeed in establishing removal jurisdiction, the Court will then determine the effect of any post-removal amendment to name additional parties.

Accordingly, (1) the parties' stipulation to file the proposed Second Amended Complaint is hereby DENIED, without prejudice to refiling after the issue of removal jurisdiction is resolved, and (2) the parties' stipulation to continue Fluent's response deadlines in light of such amended pleading is hereby DENIED as moot.

As Fluent may have relied on the pending stipulations, however, the Court hereby EXTENDS to May 18, 2017, the deadline for Fluent to file its responses to plaintiffs' motion and the Court's order.

In light of the above extension, the deadlines for plaintiffs' replies are correspondingly EXTENDED to May 25, 2017, and the hearing on plaintiffs' motion is hereby CONTINUED from June 2, 2017, to June 9, 2017.

**IT IS SO ORDERED.**

Dated: May 11, 2017

_____
MAXINE M. CHESNEY
United States District Judge