IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRA BLANCHARD, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>FLUENT, INC., et al.,<br><br>        Defendants. | Case No. 17-cv-01551-MMC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND; DENYING PLAINTIFFS' REQUEST FOR COSTS**<br><br>Re: Dkt. Nos. 16, 18 |

Before the Court are (1) plaintiffs' "Motion to Remand to California Superior Court and Request for Costs" ("Motion to Remand"), filed April 3, 2017, and (2) the Court's "Order Directing Defendant Fluent, LLC to Show Cause Why Action Should Not Be Remanded" ("Order to Show Cause"), filed April 4, 2017.  Defendant Fluent, LLC ("Fluent")[1] has filed a single document comprising its opposition to the Motion to Remand and response to the Order to Show Cause ("Opposition/Response"), to which plaintiffs have replied.  Having considered the parties' written submissions, the Court rules as follows.[2]

In the operative complaint, the First Amended Complaint ("FAC"), plaintiffs allege against thirteen named defendants a single cause of action under § 17529.5 of the California Business & Professions Code.  On March 22, 2017, Fluent removed the above-titled action on the asserted basis of diversity jurisdiction.

As previously noted by the Court, removal is proper in the instant action "if none of

---

[1] The parties agree that Fluent was erroneously sued as Fluent, Inc.

[2] By order filed June 2, 2017, the Court took the matter under submission.

the thirteen defendants is a citizen of California," and, as the Court further noted, Fluent had not, in its Notice of Removal, made the requisite showing as to the citizenship of all thirteen defendants. (See Order to Show Cause, at 1:28-2:2.) In particular, Fluent had relied on the FAC's allegations as to citizenship, and, as the Court found, the FAC does not allege facts sufficient to show all defendants are "citizens of states other than California." (Id. at 2:3-8 (quoting Notice of Removal ¶ 6).)

Although Fluent, in its Opposition/Response, has provided additional information as to the defendants' citizenship, the Court finds Fluent again has not met its "burden of establishing that removal is proper." See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). In particular, as to defendants Anglo Iditech and FortAnalysis8 Develop, Fluent asserts it "is informed and believes" that those defendants "are part of a [ ] Delaware entity named 'Experions.com, LLC.'" (See Opposition/Response, at 5:2-4.) As the Court has already pointed out, however, an LLC "is a citizen of every state of which its owners/members are citizens" and, consequently, a district court cannot determine the citizenship of an LLC in the absence of a showing as to the identity and citizenship of each of its members. (See Order to Show Cause, at 2:15-18 (quoting Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006).) Here, Fluent has not identified the members of Experions.com, LLC, let alone the citizenship of each such member, and thus has not shown defendants Anglo Iditech and FortAnalysis8 Develop are citizens of states other than California.[3]

Fluent acknowledges the above-noted deficiency in its Opposition/Response and asks the Court to "afford Fluent additional time to assess this issue." (See Opposition/Response, at 5:6-12.) Diversity jurisdiction, however, "is determined (and must exist) as of the time the complaint is filed and removal is effected." See Strotek

---

[3] Moreover, as to AdReaction, which is described in the FAC as a "business entity of unknown formation" (FAC ¶ 26), Fluent states said defendant is "related to . . . 'North Island Marketing Corp'" (Richard Decl. ¶ 13), a Canadian corporation, but does not explain the nature of that relationship.

1  Corp. v. Air Transport Ass'n of America, 300 F.3d 1129, 1131 (9th Cir. 2002).  As set
2  forth above, Fluent, in its Notice of Removal, did not make the requisite showing of
3  diversity, and, at this point in the proceedings, more than two months after that removal,
4  remains unable to do so.[4]

5       Under such circumstances, which include what was, in essence, a premature
6  removal, see 28 U.S.C. § 1446(b)(3) (providing for removal "within 30 days after receipt"
7  by defendant of document "from which it may first be ascertained that the case is one
8  which is or has become removable"), as well as at least the potential for removal at a
9  later time, see Mattel, Inc. v. Bryant, 441 F. Supp. 2d 1081, 1089 (C.D. Cal. 2005)
10 (holding "[s]uccessive removals are not necessarily barred"; further holding "new
11 evidence permitted [defendant] to file[] a second notice of removal"), the Court finds
12 remand, at this time, is appropriate.  The Court next turns to plaintiffs' request for an
13 award of the attorneys' fees they incurred in filing the Motion to Remand.

14      An "order remanding the case may require payment of just costs and any actual
15 expenses, including attorney fees, incurred as a result of the removal."  See 28 U.S.C.
16 § 1447(c).  Although a showing of bad faith "is not necessary," the Court nonetheless
17 finds an award of fees, in this instance, is not warranted.  See Moore v. Permanente
18 Medical Group, Inc., 981 F.2d 443, 446 (9th Cir. 1992) (holding "[a]n award of attorney's
19 fees pursuant to section 1447(c) . . . is within the discretion of the district court").  In
20 particular, plaintiffs have named over a dozen defendants to the instant action, Fluent has
21 engaged in extensive efforts to determine the citizenship of those defendants (see
22 Richard Decl. ¶¶ 3-34), and all parties appear to have been unaware of the law regarding
23 citizenship of LLCs, the issue having been raised in the first instance in the Court's Order

---

[4] Plaintiffs, as an additional ground for remand, point to defendant Sauphtware, Inc.'s untimely consent to Fluent's removal.  A procedural defect, however, can be "cured prior to entry of judgment" and "does not warrant . . . remand of the matter to state court."  See Destfino v. Reiswig, 630 F.3d 952, 956-57 (9th Cir. 2011) (internal quotation and citation omitted) (holding district court "may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to entry of judgment").

to Show Cause.

Accordingly, for the reasons set forth above, plaintiffs' motion to remand is hereby GRANTED, plaintiffs' request for attorneys' fees is hereby DENIED, and the instant action is hereby REMANDED to the California Superior Court for the County of San Francisco.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 8, 2017

MAXINE M. CHESNEY
United States District Judge

4